IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PETER J. LONG,

           Petitioner,                          ORDER

      v.                                           08-cv-478-slc

JANE DOE, SCI 1st Shift Nurse;
OFFICER STEGER, SCI Unit #1C,
1st Shift CO; SERGEANT CHAUSE;
K. MILBECK, SCI Unit #1 Manager;
OFFICER OLSON, SCI Unit #1C,
2nd Shift CO; JOHN DOE, SCI Unit 1C;
PAMELA WALLACE, SCI Warden and
BECKY DRESSLER, SCI HSU Manager,

           Respondents.

---

      Petitioner Peter Long, a prisoner at the Redgranite Correctional Institution in Redgranite, Wisconsin, has submitted a proposed complaint. He requests leave to proceed *in forma pauperis*. A decision on the request will be delayed until petitioner pays an initial partial payment of the filing fee as required by 28 U.S.C. § 1915(b) and the 1996 Prison Litigation Reform Act. Petitioner's initial partial payment cannot be calculated at this time because the trust fund account statement he submitted with his complaint does not cover the full six-month period immediately preceding the filing of his complaint.

      Petitioner's complaint was submitted on August 12, 2008. His trust fund account statement should cover the period beginning approximately February 11, 2008 and ending

1

approximately August 11, 2008. Instead, it covers a two and one-half month period beginning May 27, 2008 and ending August 12, 2008. This statement shows that on May 27, 2008, a "cash on arrival" entry was made for $0. If petitioner was incarcerated at another institution prior to his arrival at Redgranite Correctional Institution, he is required under 28 U.S.C. § 1915(a)(2) to obtain a trust fund account statement "from the appropriate official of each prison at which [he] is or was confined" during the relevant period. In that case, petitioner will have to write to the correctional institution in which he was confined between February 11, 2008 and May 27, 2008, to request a certified copy of his trust fund account statement for that period. If petitioner was not incarcerated prior to May 27, 2008, he will have to complete and return an affidavit of indigency form for the same period. Once petitioner has submitted the necessary statement or affidavit of indigency, I will calculate his initial partial payment and advise him of the amount he will have to pay. Once petitioner has made the initial partial payment, I will screen the merits of his complaint under 28 U.S.C. § 1915(e)(2).

ORDER

IT IS ORDERED that petitioner may have until September 9, 2008, in which to submit either

1. A trust fund account statement from the institution where he was previously incarcerated for the period beginning approximately February 11, 2008 and ending approximately May 27, 2008, or

2. A completed affidavit of indigency form for the period beginning approximately February 11, 2008 and ending approximately May 27, 2008.

3. If, by September 9, 2008, petitioner fails to respond to this order, I will assume that he wishes to withdraw this action voluntarily and, in that case, the clerk of court is directed to close this file without prejudice to petitioner's filing his case at a later date.

Entered this 19th day of August, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

3