IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PETER J. LONG,

                                ORDER

           Plaintiff,

                                08-cv-478-slc

    v.

JANE DOE, SCI 1st Shift Nurse,
OFFICER STEGER, SCI Unit #1C
1st Shift C.O., PAMELA WALLACE
and BECKY DRESSLER,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On October 2, 2008, I screened plaintiff's initial complaint and granted him leave to proceed in forma pauperis on his claim that defendants Jane Doe and Officer Steger violated his Eighth Amendment rights when they ignored his requests for medical care to prevent the spread of a staph infection. With respect to this same claim, I allowed plaintiff to proceed against defendants Pamela Wallace and Becky Dressler for the sole purpose of assisting plaintiff in learning the identity of the unnamed nurse, Jane Doe. I denied plaintiff leave to proceed in forma pauperis against former defendants Sergeant Chause, Ken Milbeck, Officer Olson, John Doe and RN Arnevik because he had not alleged sufficient facts to suggest that

1

<tthey participated personally in the acts depriving him of his Eighth Amendment rights. In addition, I denied plaintiff leave to proceed on a claim that the failure of all of the defendants to protect him against the presence of Methicillin-Resistant Staphylococcus Aureus bacteria in the prison violated his Eighth Amendment rights.

On October 10, 2008, plaintiff filed a motion for reconsideration of the October 2 order and a motion to amend his complaint. His proposed amended complaint contained new allegations regarding the personal involvement of previously dismissed defendants Sergeant Chause, a John Doe Sergeant, correctional officer Olson and unit manager Ken Milbeck in denying plaintiff medical care, as well as renewed allegations with respect to his conditions of confinement claim, which plaintiff now directs exclusively at defendants Pamela Wallace, Becky Dressler and RN Arnevik.

However, plaintiff did not give the court an opportunity to decide his motion to amend his complaint before filing a notice of appeal of the October 2, 2008 order. Because plaintiff's October 30, 2008 notice of appeal is not accompanied by the $455 fee for filing an appeal, I construe the notice to include a request for leave to proceed in forma pauperis on appeal.

The first obstacle plaintiff faces here is the fact that the October 2 order is not a final judgment or order that may be appealed. In rare instances, a party may appeal a non-final decision. 28 U.S.C. § 1292 states in relevant part,

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

I purposely did not include in the October 2 order a finding that an interlocutory appeal would be proper. That order does not involve a controlling question of law as to which there is substantial ground for difference of opinion, and a prompt appeal from the order will not materially advance the ultimate termination of this litigation. Indeed, it will serve only to delay it.

Ordinarily, the taking of an appeal would have divested the court of jurisdiction to rule on plaintiff's motion for reconsideration and motion to amend his complaint. However, the court does not lose jurisdiction when there is a purported appeal from a non-final order. United States v. Bastanipour, 697 F. 2d 170, 173 (7th Cir. 1982), cert. denied, 460 U.S. 1091 (1983). Therefore, on November 3, 2008, I entered an order allowing plaintiff to amend his complaint and granted his request to proceed on his claim that proposed new defendants Chause, John Doe, Olson and Milbeck violated his Eighth Amendment rights. I did not allow him to proceed on his conditions of confinement claim for the same reasn I dismissed the claim from the original complaint. An appeal of the now-modified October 2, 2008 order would serve no purpose except to delay the resolution of plaintiff's pending

3

Eighth Amendment claims.

Unfortunately, plaintiff's impulsive submission of his notice of appeal is not only futile, it is costly. As plaintiff should be aware, because he is a prisoner, he must pay the full cost of filing a notice of appeal. He owes the money whether his appeal is meritorious, procedurally defective or lacking in legal merit. If he were to qualify for indigent status, he would be allowed to pay the fee in monthly installments, beginning with an initial partial payment. However, if his appeal is certified as not having been taken in good faith, he may not proceed in forma pauperis and instead, he must pay the full amount of the fee immediately.

I must certify that plaintiff's appeal is not taken in good faith. Because plaintiff has advanced no legally meritorious reason for taking an appeal from the October 2 order, I will certify that the appeal is not taken in good faith.

Because I am certifying plaintiff's appeal as not having been taken in good faith, plaintiff cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so. Pursuant to Fed. R. App. P. 24, plaintiff has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal. His motion must be accompanied by an affidavit as described in the first paragraph of Fed. R. App. P. 24(a) and a copy of this order. Plaintiff should be aware that if the court of appeals agrees with this court that the

4

appeal is not taken in good faith, it will send him an order requiring him to pay all of the filing fee by a set deadline. If plaintiff fails to pay the fee within the deadline set, the court of appeals ordinarily will dismiss the appeal and order this court to arrange for collection of the fee from plaintiff's prison account.

## ORDER

IT IS ORDERED that plaintiff's notice of appeal is construed to include a motion for leave to proceed in forma pauperis on appeal, and that motion is DENIED. I certify that plaintiff's appeal from the October 2, 2008 non-final order entered in this case is not taken in good faith.

The clerk of court is requested to insure that plaintiff's obligation to pay the $455 fee for filing his appeal is reflected in this court's financial records.

Entered this 4th day of November, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5