IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PETER J. LONG,

                                        ORDER

              Plaintiff,

                                        08-cv-478-slc

     v.

JANE DOE, SCI 1st Shift Nurse,
OFFICER STEGER, SCI Unit #1C
1st Shift C.O., PAMELA WALLACE
and BECKY DRESSLER,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On October 2, 2008, I screened plaintiff's initial complaint and granted him leave to proceed in forma pauperis on his claim that defendants Jane Doe and Officer Steger violated his Eighth Amendment rights when they ignored his requests for medical care to prevent the spread of a staph infection. With respect to this same claim, I allowed plaintiff to proceed against defendants Pamela Wallace and Becky Dressler for the sole purpose of assisting plaintiff in learning the identity of the unnamed nurse, Jane Doe. I denied plaintiff leave to proceed in forma pauperis against former defendants Sergeant Chause, Ken Milbeck, Officer Olson, John Doe and RN Arnevik because he had not alleged sufficient facts to suggest that

1

they participated personally in the acts depriving him of his Eighth Amendment rights. In addition, I denied plaintiff leave to proceed on a claim that the failure of all of the defendants to protect him against the presence of Methicillin-Resistant Staphylococcus Aureus bacteria in the prison violated his Eighth Amendment rights. On October 10, 2008, plaintiff filed a motion for reconsideration of the October 2 order and a motion to amend his complaint. On November 3, 2008, I entered an order allowing plaintiff to amend his complaint and granted his request to proceed on his claim that proposed new defendants Chause, John Doe, Olson and Milbeck violated his Eighth Amendment rights by denying him medical care for his staph infection. I did not allow him to proceed on his conditions of confinement claim for the same reason I dismissed the claim from the original complaint.

While his motion for reconsideration was pending, plaintiff filed a notice of appeal of the October 2, 2008 order. On November 4, I construed the notice to include a request for leave to proceed in forma pauperis on appeal. Because plaintiff advanced no legally meritorious reason for taking an appeal from the October 2 order, I certified his appeal as not taken in good faith and denied his request for leave to proceed in forma pauperis on appeal.

Now plaintiff has filed a motion for reconsideration of the November 4, 2008 order, and a motion for appointment of counsel. I will address plaintiff's motion for reconsideration first.

In this motion, plaintiff says that he thought he was under a 30-day deadline within which to take an appeal from this court's October 2 order, which is why he failed to wait to file his appeal before learning whether the court would grant his motion to amend. He says that had he known that this court was going to grant his motion to amend, he would not have filed a notice of appeal. He notes that he has written to the court of appeals to explain that his appeal is no longer necessary, but nevertheless asks this court to enter an order finding that "there is no appeal."

Unfortunately, this court has no authority to dismiss an appeal or ask the court of appeals to ignore it because it was filed in error. Only the court of appeals can dismiss plaintiff's appeal. Moreover, this court has no authority to forgive plaintiff the debt he owes for filing a premature appeal, because the fee for filing an appeal is mandated by statute. I am sympathetic to the fact that plaintiff lacks legal experience and did not understand that he was not to file an appeal immediately from an order of this court with which he disagreed, but rather was to wait to take an appeal until the entire case was concluded and a final judgment was entered. However, as costly as plaintiff's innocent mistake is, I am not free to forgive the debt and order that "there is no appeal."

I turn then to plaintiff's second motion for appointment of counsel. On October 2, 2008, I denied plaintiff's first motion for appointment of counsel after finding that his limited knowledge of the law was not a circumstance warranting appointment of counsel.

3

Now he suggests that his transfer to the Drug Abuse Correctional Center will make it impossible to litigate this case because the center does not have a law library, legal computers, legal research materials, word processors or even typewriters to use.

Although plaintiff's transfer may make it more difficult to prosecute his case, he does not need word processors or typewriters to compose his pleading because this court accepts handwritten documents. Further, the law concerning plaintiff's Eighth Amendment claims is well settled and was explained to plaintiff in the October 3, 2008 screening order. Significant additional legal research does not appear to be warranted in order for plaintiff to litigate this case.

As I stated in the October 3, 2008 order, in deciding a motion for appointment of counsel, I must consider both the complexity of the case and the plaintiff's ability to litigate it himself. Pruitt v. Mote, 503 F. 3d 647, 654-55 (7th Cir. 2007). This is not a factually or legally complicated case. Plaintiff's claim is that the defendants denied his request for medical care to prevent the spread of a staph infection. The law concerning this claim is straightforward. Furthermore, plaintiff has personal knowledge of the facts concerning the denial of his requests for medical care. He should already possess or be able to obtain through discovery relevant documentation that he needs to prove his claim. To help plaintiff in this regard, this court instructs pro se litigants at a preliminary pretrial conference about how to use discovery techniques available to all litigants. This conference will be scheduled

4

soon after defendants file a responsive pleading.  In addition, pro se litigants are provided a copy of this court's procedures for filing or opposing dispositive motions and for calling witnesses, both of which were written for the very purpose of helping pro se litigants understand how these matters work.  In sum, at this time I can conceive of no reason why plaintiff cannot prosecute his claim on his own.

## ORDER

IT IS ORDERED that :

1. Plaintiff's motion for reconsideration of this court's November 4, 2008 order, dkt. #23, is DENIED.

2. Plaintiff's second motion for appointment of counsel, dkt. #24, is DENIED.

Entered this 18th day of November, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge