IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PETER J. LONG,

                Plaintiff,

  v.

JANE DOE, OFFICER STEGER, SERGEANT
CHAUSE, KEN MILBECK, OFFICER OLSON,
JOHN DOE, PAMELA WALLACE and BECKY
DRESSLER,

                Defendants.

ORDER

08-cv-478-slc

---

This is a civil action in which plaintiff Peter Long was granted leave to proceed *in forma pauperis* on his claim that defendants violated his Eighth Amendment rights by being deliberately indifferent to his serious medical need. Defendants have moved for summary judgment. Dkt. 36. I conclude that plaintiff has failed to present any evidence from which a reasonable jury could find in his favor. Therefore, I am granting defendants' motion for summary judgment.

Plaintiff's case has been doomed by his failure, through his attorney, to meet several deadlines or to respond properly to defendants' motion for summary judgment. This case was filed in August 2008. On October 3, 2008, plaintiff's complaint was screened in accordance with the 1996 Prison Litigation Reform Act. Dkt. 10. Plaintiff filed an amended complaint, which was screened on November 3, 2008. Dkt. 21. Although defendants Arnevik, Wallace and Dressler were dismissed from this case during screening, Wallace and Dressler remained parties for the sole purpose of identifying the identities of the Doe defendants. *Id.* On January 23, 2009, attorney David Winkel filed a notice of appearance on behalf of plaintiff. Dkt. 30. That same day I held the preliminary pretrial conference. I issued the preliminary pretrial conference order on January 26, 2009, and in the order several deadlines were set, including the March 31, 2009 deadline to amend the pleadings and the June 12, 2009 deadline to disclose experts.

Although defendants Wallace and Dressler remained defendants to identify Doe defendants, plaintiff never utilized them for this purpose. Plaintiff has never sought to amend his complaint to include the names of the Doe defendants. It is impossible to pursue a claim against unnamed defendants. Despite defendants having raised this issue on summary judgment, plaintiff did not respond to it. Accordingly, his claim against the Doe defendants fails. *K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997) (Eighth Amendment deliberate indifference claim requires identification of the culprits, "[w]ithout minds to examine" the claim fails).

Further, the deadline to disclose expert witnesses–the type of witnesses who might be critical in an Eighth Amendment medical treatment lawsuit–passed without plaintiff disclosing any such witnesses. Instead of seeking an extension of the deadline before it passed, plaintiff waited until August 28, 2009, over two months after the deadline, to file a motion seeking to amend the briefing schedule by extending the expert disclosure deadline. Dkt. 47. Plaintiff's attorney's explanation for the delay is that it was "very difficult" to find a doctor. Dkt. 48 at ¶2. Perhaps this is true, but it is unpersuasive. One might logically expect that locating a qualified physician and obtaining a useful expert opinion would have been at the top of plaintiff's "To Do" list, perhaps even ahead of "File Complaint."

Regardless of the delay in finding and disclosing an expert, extending the expert disclosure deadline would not help plaintiff. The expert doctor's proposed testimony would be irrelevant to the constitutional issues in this civil rights lawsuit. Plaintiff's attorney notes that plaintiff's newly found doctor expert will testify regarding "whether there was any *negligence* in [the] medical care" provided by defendants. Dkt. 51 (emphasis added). However, establishing a violation of

a prisoner's rights under the Eighth Amendment requires deliberate indifference on part of the officials, and deliberate indifference entails more than "mere negligence." *Farmer v. Brennan*, 511 U.S. 825, 836 (1994).  In fact, even ordinary malpractice or gross negligence do not constitute deliberate indifference. *Washington v. LaPorte County Sheriff's Department*, 306 F.3d 515, 518 (7th Cir. 2002); *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006) ("[E]ven admitted medical malpractice does not give rise to a constitutional violation.").  Therefore, even if plaintiff's proposed expert was accepted his testimony would not support an Eighth Amendment medical care violation.  Accordingly, plaintiff's motion to amend the briefing schedule will be denied.

Plaintiff also failed to timely respond to defendants' motion for summary judgment. Plaintiff's brief in opposition to defendants' motion was due on August 24, 2009. Despite having 30 days to respond to defendant's motion, plaintiff did not file anything regarding defendants' motion until August 28, 2009. Dkt. 46. The document filed, "Objection to Motion for Summary Judgment," fails to respond in any material way to defendants' motion.  Instead, plaintiff "objects" to defendants' motion because "it took much longer than anticipated for petitioner to find an expert medical witness . . . ." *Id.* at 1.

Although plaintiff did not ask for an extension to file a proper response to defendants' motion, there are circumstances where the court would provide some breathing room.  Such circumstances usually arise when a party seeks additional time to respond to a motion for summary judgment *before* a response was due and the party provides a reasonable explanation for its inability to meet a deadline along with a time frame in which it can provide a proper response.  Plaintiff did none of this.

3

In the January 26, 2009 preliminary pretrial conference order, I warned both sides that a failure timely to disclose an expert as required by rule 26(a)(2) could result in the court striking the expert's testimony, and that they were to undertake discovery in a manner that allowed them to make or respond to dispositive motions within the scheduled deadlines. Dkt. 32 at 2-3. Plaintiff did not heed either of these warnings and now he is stuck. *See, e.g., Gross v. Town of Cicero, Illinois*, 528 F.3d 498, 499-500 (7th Cir. 2008) ("Courts cannot operate without setting and enforcing deadlines.").

Moreover, serious consequences result from failing to respond adequately to an opponent's motion for summary judgment. Under Fed. R. Civ. P. 56(e)(2), once a party has moved for summary judgment, the non-moving party must produce "specific facts showing a genuine issue for trial" to defeat the motion. A failure to produce such facts can–and in this case does–require granting the movant's motion for summary judgment.

Rule 56 provides that summary judgment is appropriate "when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Goldstein v. Fidelity & Guaranty Ins. Underwriters, Inc.*, 86 F.3d 749, 750 (7th Cir. 1996) (citing Fed. R. Civ. P. 56); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). With respect to medical care, the Supreme Court has held that "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs" to state an Eighth Amendment claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Defendants do not dispute that plaintiff's leg infection was a "serious medical need." Def. Br., dkt. 37, at 7. However, when, as here, there was delay in treatment as opposed to a denial of treatment, there must be verifying medical evidence to establish that the delay had some detrimental effect.

4

*Williams v. Liefer*, 491 F.3d 710, 714-15 (7th Cir. 2007); *Walker v. Benjamin*, 293 F.3d 1030, 1038 (7th Cir. 2002).

According to the facts that plaintiff has failed to dispute, on the evening on July 25, 2006, plaintiff informed a nurse at the Stanley Correctional Institution about an infection in his leg. The nurse arranged for oral antibiotics, drew a circle on plaintiff's leg plaintiff and told him to contact the Health Services Unit if the infection on his leg spread outside the circle. The next morning, at 11:30 a.m., plaintiff contacted defendant Steger to report that the infection on his leg had spread. Plaintiff did not see a nurse until 2:00 p.m. He was then seen by a doctor at 2:30 p.m., who ordered plaintiff be sent to the hospital. Plaintiff was then transferred to Our Lady of Victory Hospital at 4:00 p.m. Turning to plaintiff's allegations in his complaint to fill in the rest of the story, plaintiff received emergency surgery at the hospital to remove a Methicillin-Resistant Staphylococcus Aureus (MRSA) infection in his leg.

There is no evidence that the three-hour delay in being seen by a medical official or the five hours between plaintiff's first complaint until his transfer to the hospital exacerbated plaintiff's leg infection or its symptoms. Plaintiff's MRSA infection, not the delay in treatment, is what prompted the surgery. On the facts in the record before the court, no reasonable jury could find that the delay in treatment had any detrimental effect on plaintiff. Therefore, defendants' motion for summary judgment will be granted.

ORDER

IT IS ORDERED that:

(1) The motion for summary judgment, dkt. 36, filed by defendants Jane Doe, Officer Steger, Sergeant Chause, Ken Milbeck, Officer Olson, John Doe, Pamela Wallace and Becky Dressler is GRANTED;

(2) Plaintiff Peter Long's motion to amend the scheduling order, dkt. 47, is DENIED;

(3) Defendants' motion to strike plaintiff's expert witness disclosures is DENIED as moot; and

(4) The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 28th day of September, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge